UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALBERTHA MCKINNEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ISLAND HOSPITALITY MANAGEMENT, )<br>*et al.*, )<br>)<br>    Defendants. ) | CV418-305 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff has filed a complaint for employment discrimination against her former employer and three individuals. Doc. 1. Having granted her request to pursue this case in forma pauperis (IFP), doc. 5, the Court now screens McKinney's Complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires the immediate dismissal of any IFP complaint that fails to state at least one actionable claim.

As an initial matter, plaintiff's claims against the three individual defendants—Joe Lawson, Marcus Redmon, and Sue McCormick—should be **DISMISSED without prejudice**.[1] Relief in Title VII cases is against

---

[1] As a result, their Motion to Dismiss should likewise be **DISMISSED as MOOT**. Because the Court has recommended the disposition of the Motion to Dismiss, defendants' Motion to Stay is **DENIED** without prejudice to refile at a later date.

the employer, not against individual employees. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). As a result, the proper defendants in this suit are the employer, or supervisory employees in their official capacities as agents of the employer. *Id.* To the extent plaintiff names these three defendants in their official capacities, the claims are redundant because the employer has already been named.[2] *Busby*, 931 F.2d at 776;

---

[2] To the extent, however, that the entity that employed plaintiff (named here as "Island Hospitality Management") disputes that this Court may exercise jurisdiction over it, the claims against the supervisory employees may indeed be viable. However, the Court also notes that defendant Island Hospitality Management has identified Island Hospitality Management III, LLC as the appropriate defendant. Doc. 4 at 2. Defendant should be aware that this "misnomer" is unlikely to result in this case's dismissal. As the Georgia Court of Appeals has explained:

> "[a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment action, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.... Georgia cases ... follow [ ] this rationale and do not hold that the existence of a mere misnomer authorizes one freely to ignore the fact that he has been served with legal process."

*Mathis v. BellSouth Telecomms., Inc.*, 301 Ga. App. 881, 884 690 S.E.2d 210 (2010) (quoting *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 696, 527 S.E.2d 293 (1999)) (alterations and emphasis in original); *see also AAA Restoration Co., Inc. v. Peek*, 333 Ga. App. 152, 154 n. 1, 775 S.E.2d 627 (2015) (describing *Mathis* and other cases as "holding that a corporate misnomer in a complaint will not invalidate service of process where service was in fact made on the real party-defendant."). This line of reasoning is also followed by Fed. R. Civ. P. 15(c)(1)(C) which allows an amendment if the party "knew or should have known that the action would have been brought against it, but

2

*Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action.").

As to the remainder of her claims, plaintiff alleges that she was promoted to engineering, but then later demoted after being told that "a woman did not belong in engineering." Doc. 1 at 5. She was then informed that she had no rights—presumably when this discrimination was reported. *Id.* She also alleges that her employer "put the blame on [her]" when she reported violations of federal law. *Id.* She also alleges that, although she had the qualifications to perform the job, she was denied equal pay and equal training. Liberally construing her complaint, and granting McKinney the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that she has arguably stated claims for discrimination and retaliation under Title VII. *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) ("To establish a *prima facie* case for disparate treatment in a [] discrimination case, the plaintiff

---

for a mistake concerning the proper party's identity."

must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer threatened similarly situated employees outside of her protected class more favorably that she was treated; and (4) she was qualified to do the job."); *see also Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) ("to establish a *prima facie* case of retaliation under Title VII, the plaintiff must show (1) that she engaged in a statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events.").

Because at least one of plaintiff's claims survives frivolity review, the Court would typically order the United States Marshal to serve the defendants. *See* Fed. R. Civ. P. 4(c)(3) ("The court *must* [order a United States marshal or deputy marshal to effect service] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." (emphasis added). However, the Court notes that defendant Island Hospitality Management has already filed an answer (albeit one that asserts process and service related defenses and disputes the Court's personal jurisdiction over it). Doc. 3 at 9-10. However, these are both waivable defenses and the Court may not dismiss a case for lack of

personal jurisdiction without giving the parties an opportunity to present their views on the issue. *Lipofsky v. New York State Workers Compensation Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Accordingly, the defendant identified here as "Island Hospitality Management" is **DIRECTED**, within 14 days from the date of this Report and Recommendation and Order (*i.e. before* the recommendation of the dismissal of the individual defendants from this case becomes ripe for adoption by the District Judge), to file a motion to dismiss for lack of personal jurisdiction, including any assertion of a process or service-based defense. **Failure to assert those defenses within the period will be construed as consent to personal jurisdiction and waiver of all related defenses.**

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the

assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 25th day of April, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA