UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALBERTHA MCKINNEY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ISLAND HOSPITALITY )<br>MANAGEMENT, III, LLC, )<br>)<br>Defendant. ) | CV418-305 |

## REPORT AND RECOMMENDATION

Before the Court is plaintiff Albertha McKinney's Additional Charge of Constructive Discharge to Defendant.  Doc. 18.  As plaintiff has neither requested nor received leave to amend her pleadings, the Court construes this as a motion to amend.  Defendant has, in response, filed a motion to dismiss plaintiff's amended pleadings.  Doc. 19.  For the following reasons, the Court **RECOMMENDS** that plaintiff's motion to amend be **DENIED** and defendant's motion to dismiss be **DENIED AS MOOT**.

On August 30, 2019, the Court issued a scheduling order, establishing March 11, 2019, as the deadline for amending pleadings or adding parties.  Doc. 17 at 1.  Plaintiff filed her motion to amend on

December 4, 2019—nine months after the deadline for doing so and three days after the close of the discovery period. Doc. 18. Construing the filing as an amended complaint, defendants filed a motion to dismiss, arguing that plaintiff's effort to amend is both untimely, as it failed to comply with the Court's scheduling order, and raises new claims that were not considered during the Equal Employment Opportunities Commission's administrative review. Doc. 19 at 5–9. The parties then engaged in two unsolicited rounds of responses and replies. Doc. 22–25.

The Court need not consider the merits plaintiff's motion to amend or of defendant's failure to exhaust defense against the novel claims because plaintiff's motion violates both the Court's scheduling order and Federal Rule of Civil Procedure 16(b). Though the Federal Rules generally set out a liberal amendment standard, *see* Fed. R. Civ. P. 15(a); parties must still comply with schedules set by the Court, *Sosa v. Airprint Sys, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In every civil case, the Court is required to enter a scheduling order that, among other things, limits the period to "join other parties and to amend the pleadings." Fed. R. Civ. P. 16(b). Once established, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Even charitably construing plaintiff's filing as a motion for leave to amend, she has failed to provide, or even suggest, good cause as to why such amendment should be allowed outside of the period established in the scheduling order.  In fact, no reference is made to Rule 16 or good cause in plaintiff's motion or the subsequent responses, which only reiterate the allegations and conclusory statements of earlier filings.  Doc. 22, 24.  To not hold a party to the strictures imposed by the Court and permit untimely modification without a showing of good cause "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.

Accordingly, the Court **RECOMMENDS** that the motion to amend be **DENIED**.  Doc. 18.  As such order would dispose of the amendment, defendant's motion to dismiss should be **DENIED AS MOOT**.  Doc. 19. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of August, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA